HEISKELL v. CURTIS.

(Court of Appeals of District of Columbia. Submitted March 4, 1919. Decided June 2, 1919.)

No. 3188.

1. EVIDENCE ⬤⟹408(1)—PAYMENT ⬤⟹65(8), 74(1)—EFFECT OF RECEIPT—BURDEN OF PROOF.

A receipt is evidence of a high character as to the truth of its recitals, and, while it may be explained by parol evidence, the burden of proof rests on one attacking it.

2. PAYMENT ⬤⟹65(6), 74(1)—EFFECT OF RECEIPT—BURDEN OF PROOF.

A receipt given defendant upon his paying a purchase-price draft drawn upon him is not even evidence that payment was made to an authorized party, and defendant still has the burden of showing that he paid a party authorized by the draft to receive payment.

Appeal from the Supreme Court of the District of Columbia.

Action by William H. Curtis, trading and doing business as the Bay State Mop Company, against Peter H. Heiskell, Jr., trading and doing business under the name of P. H. Heiskell, Jr., & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Hayden Johnson and Raymond A. Heiskell, both of Washington, D. C., for appellant.

Walter C. Clephane and J. Wilmer Latimer, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, made a sight draft through a bank at Woburn, Mass., upon defendant, who is engaged in business in this city, for the purchase price of certain goods shipped by plaintiff to defendant. To the draft was attached a bill of lading and a receipted bill for the goods.

Defendant testified that, on December 2, 1914, he was called by telephone by some one professing to be a clerk of a local bank, which he believed to be the Commercial National Bank, of this city, and was informed that the caller held the draft in question upon defendant, whereupon defendant told him to bring the draft to his office and he would pay it. When the draft was presented by a young man, supposed to be a bank runner, defendant paid the draft in cash, receiving the draft, bill of lading, and receipted bill. Defendant tore up the draft, and threw the pieces into the waste basket. When later notified by plaintiff that the draft had not been paid, defendant caused a

search to be made and recovered portions of the destroyed draft, which showed on the back thereof the following indorsement:

"Pay to the order of any bank, banker, or trust company, prior indorsements guaranteed. Woburn National Bank. 53–307 Woburn, Mass. 53–307.

"John C. Buck Cashier."

Defendant testified that, under the above indorsement, there was stamped the indorsement of a local bank, which he believed to be the Commercial National Bank. It appeared that the draft, with the papers attached, had been sent by the Woburn National Bank to the Commercial National Bank, but the officers of the Commercial National Bank testified that they had no record of such a draft having been received or collected by it.

The action is in debt on the common counts. The pleas are the general issue and payment. From a verdict and judgment in favor of plaintiff, defendant appeals.

There is little or no controversy as to the facts. It may be regarded as established that the draft was sent by the Woburn Bank to the Commercial National; that it was presented by a person unknown to defendant, and paid. The case turns upon the question of the agency of the person to whom the draft was paid.

The court instructed the jury, in substance, that, if they found that the last indorsement on the draft was, "Pay to the order of any bank, banker, or trust company," the burden of proof rests upon defendant, in order to escape liability, "to show by a preponderance of evidence that the payment was made to some bank, banker, or trust company, or his or its duly authorized agent."

[1] The single assignment of error relates to the burden of proof. It is urged by counsel for defendant that the receipted bill, if prima facie evidence of payment, and the burden is upon plaintiff to overcome this presumption. It is undoubtedly the law that a receipt is evidence of a high character as to the truth of its recitals, and while it may be explained by parol evidence, the burden of proof rests upon the one attacking it. Jones on Evidence, § 492.

[2] The question here is not one of payment or nonpayment by defendant. It is expressly stipulated that defendant paid the draft when presented. The issue is: Was payment made to an authorized agent of plaintiff? If not, the lack of authority would attach to the delivery of the receipted bill to the same extent as to the draft and bill of lading. The circumstances of this case deprive the receipt of the superior evidential effect ordinarily accorded such an instrument. At most, a receipt is evidence of payment; but here payment is conceded, and the possession of the receipted bill, in this instance, is not even evidence of the authority of the person to whom payment was made.

The judgment is affirmed, with costs.

Affirmed.

SMYTH, C. J., concurs in the judgment.